IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE SMITH<br>2350 Gladdis Avenue<br>East Liverpool, Ohio 43920<br>　　　　　Plaintiff,<br><br>　　v.<br><br>EAST LIVERPOOL KING'S CARRYOUT,<br>INC.<br>2371 Lisbon Street<br>East Liverpool, Ohio 43920<br><br>　　**Serve also:**<br>　　FADI A. MOURRA,<br>　　Statutory Agent<br>　　4036 Stratford Road<br>　　Boardman, Ohio 44512<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Jamie Smith, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## **PARTIES**

1. Smith is a resident of the City of East Liverpool, County of Columbiana, State of Ohio.

2. East Liverpool King's Carryout, Inc. ("King's Carryout") is a domestic corporation with a principal place of business at 2371 Lisbon Street, East Liverpool, Ohio 43920.

## **PERSONAL JURISDICTION**

3. Defendant hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Defendant comports with due process.

4. Smith worked in this judicial district, was paid unlawfully by Defendant pursuant to work performed in this district and/or was hired and terminated in this district.

5. This cause of action arose from or relates to the contracts of Defendant with Ohio residents, thereby conferring specific jurisdiction over Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Smith's state law claims under the Ohio Minimum Fair Wages Standards Act ("OMFWSA") and the Ohio Constitution because those claims derive from a common nucleus of operative facts.

8. Venue is proper in this District because Defendant does or did a sizeable portion of its business in this district, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE

9. At all times referenced herein, King's Carryout formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

10. At all times material to the Complaint, Smith directly participated in the actual movement of things in interstate commerce by regularly using instrumentalities of interstate commerce in



her work, namely by ordering equipment, material, and supplies, and further, by shipping and/or exporting products out of Ohio.

11. At all material times, Defendant was an employer within the meaning of the FLSA and the OMFWSA.

**FACTS**

12. At all material times, King's Carryout was an employer within the meaning of the FLSA and the OMFWSA.

13. Smith is a former employee of King's Carryout.

14. Smith used the name Jamie Anderson when she hired by King's Carryout.

15. Smith is female.

16. Smith began working for King's Carryout on or around September 5, 2019.

17. King's Carryout employed Smith as a cashier.

18. Throughout Smith's employment, she was paid hourly.

19. Smith was paid four dollars per hour.

20. Smith was never paid a salary or on a salary basis.

21. If Smith missed work for any reason, she was not paid any wages for her missed hours.

22. By the virtue of Smith's being paid on an hourly basis, she was non-exempt from the minimum wage and overtime requirements of the OMFWSA.

23. Under Ohio and Federal law, Smith was entitled to at least $8.55 per hour that she worked.

24. Smith was paid half of the minimum wage during her training.

25. Smith was paid four dollars per hour during training.

26. Smith did not receive tips from customers.

27. Smith was required to be paid a minimum of $8.55 per hour.



28. From September 5, 2019 to September 8, 2019, Smith worked 26.50 hours.

29. From September 5, 2019 to September 8, 2019, Smith was paid less than Ohio minimum wage.

30. King's Carryout did not adequately keep time records throughout Smith's employment.

31. It was routine for Smith to write down her hours and provide them to her manager.

32. It was also routine for Smith's manager to white-out the hours Smith wrote down and change them.

33. When Smith's manager changed her hours, he reduced the number of hours Smith worked to avoid paying Smith overtime.

34. There were several occasions when Smith's hours were completely missing from her pay.

35. Smith received her pay in cash and did not receive paystubs to help clarify the missing hours.

36. Smith's manager repeatedly called her "stupid."

37. Smith's manager also said that he could "care less about American people."

38. Smith's manager often belittled her and cursed at her.

39. Smith's manager told Smith to clean his car on several occasions.

40. Smith's manager made numerous comments about Smith's body type and shape.

41. Smith's manager treated her adversely because Smith is American.

42. Smith's manager also treated her adversely because she is a female.

43. When Smith complained about her treatment, Smith's manager called her "stupid" and told Smith to get the f-out.

44. Smith's manager also told Smith that she was "no longer needed."

45. On or around November 16, 2019, King's Carryout forced Smith to resign her employment.

The Employee's Attorney.™ 

## COUNT I: GENDER DISCRIMINATION

46. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Smith is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

48. Defendant treated Smith differently than other similarly situated employees based on her gender.

49. Defendant discriminated against Smith on the basis of her gender throughout her employment with the company.

50. Smith's manager repeatedly called her "stupid."

51. Smith's manager did not call male employees "stupid."

52. Smith's manager often belittled her and cursed at her.

53. Smith's manager did not belittle or curse at male employees.

54. Smith's manager told Smith to clean his car on several occasions.

55. Smith's manager never told male employees to clean his car.

56. Smith's manager made numerous comments about Smith's body type and shape.

57. Smith's manager never made comments about male employees' body type nor shape.

58. Defendant terminated Smith's employment without just cause.

59. Defendant terminated Smith's employment based on her gender.

60. Defendant's discrimination against Smith based on her gender violates R.C. § 4112.01 *et seq.*

61. Smith suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

62. As a direct and proximate result of Defendant's conduct, Smith suffered and will continue to suffer damages.

The Employee's Attorney.™ 

## COUNT II: NATIONAL ORIGIN DISCRIMINATION

63. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Smith is a member of a statutorily-protected class under Ohio Revised Code § 4112.02(A).

65. Smith's manager repeatedly called her "stupid."

66. Smith's manager often belittled her and cursed at her.

67. Smith's manager told Smith to clean his car on several occasions.

68. Smith's manager made numerous comments about Smith's body type and shape.

69. Smith's manager also said that he could "care less about American people."

70. Smith's manager treated her adversely because Smith is American.

71. King's Carryout terminated Smith from her employment without just cause.

72. King's Carryout terminated Smith based on her national origin.

73. King's Carryout violated Ohio Revised Code § 4112.02(A) when they terminated Smith.

74. Smith suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

75. As a direct and proximate result of Defendant's conduct, Smith has suffered and will continue to suffer damages.

## COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.

76. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

77. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA.



78. At all relevant times, Defendant has employed and continues to employ, "employees," within the meaning the OMFWSA.

79. Smith was an employee of Defendant as that term is defined by the OMFWSA.

80. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

81. Under Ohio and Federal law, Smith was entitled to at least $8.55 per hour that she worked.

82. Smith was paid ½ of the minimum wage during her training.

83. Smith did not receive tips from customers and was required to be paid accordingly.

84. From September 5, 2019 to September 8, 2019, Smith worked 26.50 hours.

85. From September 5, 2019 to September 8, 2019, Smith was paid less than Ohio minimum wage.

86. Defendant failed to pay Smith overtime for hours she worked in excess of 40 per week.

87. In denying Smith overtime compensation, Defendant violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

88. As a direct and proximate result of Defendant's unlawful conduct, Smith has suffered and will continue to suffer a loss of income and other damages.

89. Having violated the OMFWSA, Defendant is liable to Smith pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Smith for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).



**COUNT IV: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).**

90. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

92. At times, Smith's compensable activities off the clock caused Smith's hourly rate to dip under minimum wage based on the compensation that he has already received.

93. At all times relevant to this action, Defendant willfully failed and refused to pay Smith the federal minimum wages required by the FLSA, causing Smith to suffer damage in amounts to be proven at trial.

94. King's Carryout did not adequately keep time records throughout Smith's employment.

95. It was routine for Smith to write down her hours and provide them to her manager.

96. It was also routine for Smith's manager to white-out the hours Smith wrote down and change them.

97. When Smith's manager changed her hours, he reduced the number of hours Smith worked to avoid paying Smith overtime.

98. There were several occasions when Smith's hours were completely missing from her pay.

99. Smith received her pay in cash and did not receive paystubs to help clarify the missing hours.

100. Defendant either recklessly failed to investigate whether their failure to pay Smith at least a minimum wage for all of the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Smith to believe that



Defendant was not required to pay her at least a minimum wage, and/or Defendant concocted a scheme pursuant to which it deprived Smith the minimum wage pay she earned.

101. At all times relevant to this Complaint, the Defendant was, has been, and continues to be an "employer" within the meaning of the FLSA 29 U.S.C. § 203(d).

102. Upon information and belief, Defendant has failed to make, keep, and preserve records with respect to Smith, sufficient to determine the wages and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

103. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

104. Defendant violated the FLSA without a good faith belief that its conduct was lawful.

105. Smith requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

### COUNT V: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.

106. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

107. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA.

108. At all relevant times, Defendant has employed and continues to employ "employees" within the meaning the OMFWSA.

109. Smith was an employee of Defendant as that term is defined by the OMFWSA.

110. In 2019, the OMFWSA required employers to pay a minimum wage of at least $8.55 per hour to all non-exempt employees.

The Employee's Attorney.™ 

111. At times, Smith's compensable activities off the clock caused Smith's hourly rate to dip under minimum wage based on the compensation that she has already received.

112. King's Carryout did not adequately keep time records throughout Smith's employment.

113. It was routine for Smith to write down her hours and provide them to her manager.

114. It was also routine for Smith's manager to white-out the hours Smith wrote down and change them.

115. When Smith's manager changed her hours, he reduced the number of hours Smith worked to avoid paying Smith overtime.

116. There were several occasions when Smith's hours were completely missing from her pay.

117. Smith received her pay in cash and did not receive paystubs to help clarify the missing hours.

118. In denying compensation at the requisite Ohio minimum wage rate, Defendant violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

119. Defendant has failed to make, keep, and preserve records with respect to Smith, sufficient to determine the wages and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, et seq.

120. As a direct and proximate result of Defendant's unlawful conduct, Smith has suffered and will continue to suffer a loss of income and other damages.

121. Having violated the OMFWSA, Defendant is liable to Smith pursuant to O.R.C. § 4111.10 for the full amount of her unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Smith for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

The Employee's Attorney.™ 

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Jamie Smith requests judgment against Defendant and for an Order:

a. Ordering Defendant to restore Plaintiff to one of the positions to which she is entitled by the virtue of her application and qualifications, and expunger her personnel file of all negative documentation;

b. Awarding Plaintiff unpaid minimum wage and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Awarding damages, including actual, economic, non-economic, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff in an amount to be determined at trial;

d. Awarding Plaintiff damages for the mental anguish and distress caused by Defendant's unlawful conduct as described in Counts I – VI.

e. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

f. Issuing a declaratory judgment that Defendant violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

g. Issuing an injunction prohibiting Defendant from continued unlawful practices, policies and patterns set forth herein;

h. Awarding pre-judgment and post-judgment interest as provided by law;

i. Awarding reasonable attorneys' fees and costs; and

j. Awarding such other and further relief that this Court deems appropriate.



Respectfully submitted,

*/s/Angela Rodriguez*
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            angela.rodriguez@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Jamie Smith demands a trial by jury by the maximum number of jurors permitted.

*/s/Angela Rodriguez*
Angela Rodriguez (0074432)
Brian D. Spitz (0068816)

12

